Singh v. Lynch

BIA
Poczter, IJ
A200 777 569

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

GURPREET SINGH,
> *Petitioner,*

v.

14-2126
NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:     Benjamin C. Mizer, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel;

Ilissa M. Gould, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Singh, a native and citizen of India, seeks review of a May 28, 2014 decision of the BIA affirming an April 13, 2012 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Gurpreet Singh,* No. A200 777 569 (B.I.A. May 28, 2014), *aff'g* No. A200 777 569 (Immig. Ct. N.Y.C. Apr. 13, 2012). Under the circumstances of this case, we review the IJ's and the BIA's decisions together, *see Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In so doing, we assume the parties' familiarity with the underlying facts and procedural history in this case.

2

## I.  Adverse Credibility Determination

Where, as here, an application is governed by the REAL ID Act of 2005, the agency may, in light of the "totality of the circumstances," base an adverse credibility determination on an applicant's "demeanor, candor, or responsiveness," the inherent plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 165.  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ's adverse credibility determination is based on substantial evidence.  Although Singh claimed that he had been arrested, detained, and beaten based on his Sikh religion and his membership in the Shiromani Akali Dal Amritsar ("SAD"), a Sikh political party, the IJ reasonably relied on inconsistencies between Singh's testimony and supporting

3

documents in finding him not credible. Singh testified that police came to his home and warned his family that he would be harmed if he continued his political activities, but a letter from Singh's mother does not mention this incident. In addition, Singh testified that he was hospitalized for two to three days after he was released from detention, but a letter from his doctor stated that he was hospitalized for five days. Singh stated that he did not know why the doctor made this mistake or how the doctor calculated the length of his stay. To the extent Singh's response explained the discrepancy, the IJ was not required to credit the explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also reasonably relied on an inconsistency between Singh's testimony and his statements during the credible fear interview. We require the agency to "closely examine each . . . interview before concluding that it represents a sufficiently accurate record of the alien's statements to merit consideration in determining whether the alien is credible." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004); *see Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir 2009) ("Where

4

the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility."). Here, the IJ engaged in a close analysis of the interview before relying on it. Singh did not state that any of his answers were mistranslated or that he misunderstood any of the questions asked. Although the interview is not transcribed verbatim, it does appear accurately to reflect Singh's answers to questions designed to elicit the facts of Singh's claim. Under these circumstances, the IJ reasonably determined that the credible fear interview bore sufficient indicia of reliability to warrant consideration in her assessment of Singh's credibility. *See Ming Zhang*, 585 F.3d at 725.

Before the IJ, Singh testified that he was arrested a second time while on his way to a political event. During his credible fear interview, however, he stated that he was arrested while preaching. The IJ reasonably relied on this inconsistency in finding Singh not credible, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), and was not compelled to accept his explanation that he was arrested "on [his] way to preach," Certified Administrative

5

Record ("CAR") 163; *see Majidi*, 430 F.3d at 80.

Given the above inconsistencies, the IJ's adverse credibility determination is supported by substantial evidence. Accordingly, the agency reasonably denied asylum, and withholding of removal, as both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

## II. CAT

Singh argues that the IJ erred in failing to consider his claim that he will be tortured by the Indian government on account of his Sikh religion, regardless of his credibility as to any past harm. A determination that an applicant is ineligible for asylum and withholding of removal based on an adverse credibility determination does not necessarily preclude relief under the CAT if the facts necessary to establish the CAT claim are separate from the facts as to which the applicant was found not credible. *See Ramsameachire*, 357 F.3d at 184-85.

Here, after finding Singh not credible on his claims of past harm, the IJ did not consider the possibility that the Indian

6

government would torture Singh in the future due to his Sikh religion. The omission was not error, however, because the record does not contain evidence indicating that the Indian government tortures Sikhs. The 2010 State Department Report does not mention any targeting of Sikhs by the Indian government, and Singh's other evidence is either irrelevant or concerns isolated incidents of harm. Accordingly, remand would be futile. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401–02 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7